IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MASCHINENFABRIK REINHAUSEN GmbH and REINHAUSEN MANUFACTURING, INC., § § § § Plaintiffs, § § v. § § SHANGHAI HUAMING POWER EQUIPMENT CO., LTD., § § § Defendant. § | Civil Action No. 3:06-CV-0897-L |

## AMENDED MEMORANDUM OPINION AND ORDER

The court issued earlier today a Memorandum Opinion and Order. That Memorandum Opinion and Order contained several typographical errors. The court hereby **vacates** the earlier Memorandum Opinion and Order and **replaces** it with this Amended Memorandum Opinion and Order. Nothing of substance changes in this Amended Memorandum Opinion and Order. It only corrects prior typographical errors.

Before the court is Maschinenfabrik Reinhausen GmbH and Reinhausen Manufacturing, Inc.'s *Ex Parte* Application for Temporary Restraining Order, filed May 19, 2006. Having carefully considered the complaint, application for temporary restraining order, brief in support, affidavits, exhibits, and applicable law, the court **denies** Plaintiffs' *Ex Parte* Emergency Application for Temporary Restraining Order.

I.     **Factual and Procedural Background**

This lawsuit involves competitors in the business of manufacturing and distributing electrical devices and equipment, including without limitation "tap changers," a device used to regulate a transformer's voltage to ensure users receive a constant voltage. *See* Decl. of B. Kurth ¶ 2, App. at 1-2. Plaintiffs Maschinenfabrik Reinhausen GmbH and Reinhausen Manufacturing, Inc. ("Plaintiffs") allege that their products are sold under a distinctive design mark "MR," which consists of the letters "M" and "R" in white on a blue background surrounded by a silver, circular frame. According to Plaintiffs, they have used this distinctive mark since 2003 and own a United States Trademark Registration No. 2,841,156 for the "MR" Mark in connection with various electrical devices and instruments. Plaintiffs allege that Defendant Shanghai Huaming Power Equipment Co., Ltd. ("Defendant") has adopted and used in the United States a mark that strongly resembles Plaintiffs' "MR" Mark. Defendant's mark consists of the letters "H" and "M" in white on a blue background surrounded by a silver, circular frame, and is being used in connection with products and/or services that overlap with Plaintiffs'. Plaintiffs allege that Defendant will be an exhibitor at an industry trade show at the Dallas Convention Center in Dallas, Texas from May 20 through May 24, 2006, and based on past trade shows and Defendant's internet website, they have reason to believe that Defendant intends to use the "HM" designation to exhibit and promote its competing products, including "tap changers," directly copied from Plaintiffs' designs. Plaintiffs have filed a Complaint and simultaneously an *Ex Parte* Application for Temporary Restraining Order, contending that if the court does not restrain Defendant from using the "HM" designation at the trade show, they will be irreparably harmed.

**II.     Analysis**

    **A.     Plaintiffs' Application for TRO**

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiffs must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Author. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

    **B.     A Substantial Likelihood of Success on the Merits**

In support of their *Ex Parte* Application for Temporary Restraining Order, Plaintffs argue that they have a substantial likelihood of prevailing on the merits with regard to their federal trademark infringement claim and trademark dilution claim under Texas law.

The elements of a cause of action for federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 are: (1) the validity of the mark, and (2) the use of the mark or an imitation of it by the other party is likely to cause confusion. *See Pebble Beach Co. v. Tour 18 1, Ltd.*, 155 F.3d 526, 543 (5th Cir. 1998). As to the first element, Plaintiffs have provided the

court with prima facie evidence of the validity of the "MR" Mark. As to the second element, the factors relevant to the inquiry are the strength of the mark, the similarity of the marks, the similarity of the services provided under the marks, the similarity of how the services are offered, the similarity of customers, the similarity of advertising and promotional media used, the degree of customer care used in selecting a service provider, whether the defendant intended to adopt an infringing mark, and whether actual confusion has occurred. *See Miniturn Advertising, Inc. v. Hermsen Design Associates, Inc.*, 728 F.Supp. 430, 432 (N.D. Tex. 1990) (Fitzwater, J.) (citing with approval *Oreck Corp. v. U.S. Floor Systems, Inc.*, 803 F.2d 166, 170 (5th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987)). The court has considered each of these factors and concludes that Defendant's use of the "HM" designation presents little to no likelihood of confusion. While Plaintiffs have provided some evidence of similar products and/or services, and similar advertising media, Plaintiffs have not presented the court with evidence that the design of the two marks in question is similar enough to create a likelihood of confusion as to "source, affiliation or sponsorship." Under applicable trademark law, the court must examine the marks in their entirety rather than comparing only similar features. *See Oreck,* 803 F.2d at 171; *see also Exxon Corp. v. Texas Motor Exchange,* 628 F.2d 500, 504 (5th Cir. 1980). The test is essentially an eyeball test. *Exxon,* 628 F.2d at 504 (citing 2 J. McCarthy, *Trademarks and Unfair Competition* § 237:7 (1973)); *see also Miniturn Advertising*, 728 F.Supp. at 432 (same). Having carefully examined Plaintiffs' "MR" Mark and Defendant's "HM" designation, based on the total effect of the designations, and the overall impression of the designs, the court determines that there is little to no likelihood of confusion as to "source, affiliation or sponsorship." *See id.* Each mark consists primarily of two letters in white on a blue background surrounded by a silver, circular frame. While one of the key

**Amended Memorandum Opinion and Order – Page 4**

distinguishing features of both marks is the circle, the court determines that focusing excessively on that feature alone "violates the prohibition against dissecting the marks rather than examining the overall impression that each makes." *Miniturn Advertising*, 728 F.Supp. at 432  Although Plaintiffs are correct that another dominant feature of each mark is the letter "M," which is used in both, under the "eyeball" test, the court concludes that the style of the letter "M" in Defendant's "HM" designation is easily distinguishable from the style of the letter "M" in Plaintiffs' "MR" Mark. Moreover, in the former, an "H" is superimposed on the "M"; in the latter, the "M" is freestanding next to an "R."  In short, viewed in the totality, and considering all of the relevant factors (*see Oreck*, *supra*), the "HM" designation is quite different from Plaintiffs' "MR" Mark and is unlikely to cause confusion.[*]  Accordingly, at this stage of the litigation, Plaintiffs have failed to show a substantial likelihood of success on the merits as to their federal trademark infringement claim and Texas anti-dilution claim.

### III.   Conclusion

For the reasons set forth above, the court **denies** Maschinenfabrik Reinhausen GmbH and Reinhausen Manufacturing, Inc.'s *Ex Parte* Application for Temporary Restraining Order.  As set forth above, Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits.

**It is so ordered** this 19th day of May, 2006.

Sam A. Lindsay
United States District Judge

---

[*]The court reaches the same conclusion as to Plaintiffs' argument that there is a substantial likelihood that they will prevail on the merits of their Texas anti-dilution claim.  Given the court's conclusion that Defendant's "HM" designation is quite different from Plaintiffs' "MR" Mark and is unlikely to cause confusion, Plaintiffs have failed to show that there is a likelihood of dilution due to blurring, diminution in uniqueness and individuality of their mark.  *See generally Exxon Corp. v. Oxxford Clothes,* 109 F.3d 1070, 1081 (5th Cir.), *cert. denied*, 522 U.S. 915 (1997).

**Amended Memorandum Opinion and Order – Page 5**